**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TWEETER OPCO, et al., | ) | Case No. 08-12646  (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| GEORGE L. MILLER, IN HIS | ) | |
| CAPACITY AS CHAPTER 7 TRUSTEE | ) | |
| OF THE BANKRUPTCY ESTATE OF | ) | |
| TWEETER OPCO, LLC, TWEETER | ) | |
| NEWCO, LLC, TWEETER TIVOLI | ) | |
| LLC, AND TWEETER INTELLECTUAL | ) | |
| PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-54038  (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| MITSUBISHI DIGITAL | ) | |
| ELECTRONICS AMERICA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is Mitsubishi's Motion to Dismiss, in which it contends that the Trustee's Complaint fails to state a preference claim because it fails to describe the nature of the antecedent debt and identify the transferor(s). The Court agrees and accordingly will grant Mitsubishi's Motion to Dismiss for the reasons set forth below. The Court will, however, allow the Trustee leave to amend the Complaint.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure.

I.    <u>BACKGROUND</u>

Tweeter Opco, LLC, was a consumer retailer of electronic equipment, including plasma tv's, flat screen tv's, home theater systems and various other audio/video consumer electronic products.  Tweeter and its affiliates (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code on November 5, 2008 (the "Petition Date"). On December 5, 2008, the Court converted the cases to a chapter 7 liquidation (the "Conversion Date") and George L. Miller was appointed chapter 7 trustee (the "Trustee").

On November 2, 2010, the Trustee filed an adversary proceeding (the "Complaint") to avoid and recover alleged preferential payments totaling $933,962.41 made to Mitsubishi Digital Electronics America Inc. ("Mitsubishi").  Mitsubishi filed a Motion to Dismiss the Complaint, which has been fully briefed and is ripe for decision.


II.   <u>JURISDICTION</u>

This Court has core jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334 & 157(b)(2)(F).


III.  <u>DISCUSSION</u>

Mitsubishi moves for dismissal of the preference action under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil

Procedure, made applicable to adversary proceedings by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure. Mitsubishi argues that the Complaint fails to establish a plausible claim for the avoidance of the allegedly preferential transfers.

    A.   <u>Standard of Review</u>

       1.   <u>Rule 8(a)(2)</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." <u>Bell Atl. v. Twombly</u>, 550 U.S. 554, 555 (2007) (citation omitted). In other words, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief . . . . [W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." <u>Phillips v. Cnty.</u>

of Alleghany, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly,
550 U.S. at 556).

    2.   Rule 12(b)(6)

    A Rule 12(b)(6) motion serves to test the sufficiency of the
factual allegations in the plaintiff's complaint.  Kost v.
Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) ("The pleader is
required to set forth sufficient information to outline the
elements of his claim or to permit inferences to be drawn that
these elements exist.").  With the Supreme Court's recent
decisions in Twombly and Ashcroft v. Iqbal,[2] "pleading standards
have seemingly shifted from simple notice pleading to a more
heightened form of pleading, requiring a plaintiff to plead more
than the possibility of relief to survive a motion to dismiss."
Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

    A claim is sufficient if it is facially plausible, that is
"when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for
the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Determining
whether a complaint is "facially plausible" is "a context
specific task that requires the reviewing court to draw on its
judicial experience and common sense." Id. at 1950.  "[W]here
the well-pleaded facts do not permit the court to infer more than
the mere possibility of misconduct, the complaint has alleged -

---

[2] 129 S. Ct. 1937 (2009).

4

but not shown - that the pleader is entitled to relief." <u>Id.</u>

After <u>Iqbal</u>, the Third Circuit has instructed the courts to "conduct a two part analysis.  First the factual and legal elements of a claim should be separated.  The [court] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." <u>Fowler</u>, 578 F.3d at 210-11. <u>See also</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." <u>Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)</u>, 08-50248, 2008 WL 4239120, at *4 (Bankr. D. Del. Sept. 16, 2008).

B.   <u>Failure to State a Claim</u>

Mitsubishi contends that the Complaint must be dismissed because it fails to establish a plausible claim for a preference. Specifically, Mitsubishi contends that the Complaint asserts only legal conclusions and recitations of the statutory language of section 547 instead of sufficient factual allegations.

Even before the <u>Iqbal</u> and <u>Twombly</u> decisions, to survive a motion to dismiss courts required that a preference complaint

must allege more than just the statutory elements of a
preference, but must also include: "(a) an identification of the
nature and amount of each antecedent debt and (b) an
identification of each alleged preference transfer by (i) date
[of the transfer], (ii) name of debtor/transferor, (iii) name of
transferee and (iv) the amount of the transfer." <u>Valley Media
Inc. v. Borders, Inc. (In re Valley Media, Inc.)</u>, 288 B.R. 189,
192 (Bankr. D. Del. 2003). <u>See also</u> <u>TWA, Inc. Post Confirmation
Estate v. Marsh USA Inc. (In re TWA, INC. Post Confirmation
Estate)</u>, 305 B.R. 228, 232 (Bankr. D. Del. 2004) (granting the
defendant's motion to dismiss because the complaint lacked
sufficient detail for a preference action including the amount of
the debt, date of the payment, and amount of the payment).

Mitsubishi asserts three deficiencies in the Complaint:
failure to identify the nature of the alleged antecedent debt,
failure to allege which Debtor made the transfers, and failure to
describe the relationship between the transferor Debtor and
Mitsubishi.[3]

First, Mitsubishi alleges that the Complaint does not
contain a specific reference to the nature of the antecedent
debt.  Mitsubishi argues that the Complaint fails to describe the

---

[3] Mitsubishi cites in support of its motion the transcript
from <u>Miller v. Alston & Bird LLP, (In re HomeBanc Mort. Corp.)</u>,
07-11079 (Bankr. D. Del. argued Oct. 27, 2010). The Court
emphasizes that such oral rulings are not precedential and will
be disregarded in the Court's decision-making process.

relationship between it and any of the Debtors.  For example, Mitsubishi notes that the Complaint is devoid of any specificity as to any contracts or any goods or services Mitsubishi may have provided to the Debtors.  In addition, Mitsubishi contends that the exhibit to the Complaint which lists only the creditor, check number, "clear date" and check amount is not sufficient to satisfy the Trustee's burden to show the transfer was made on account of an antecedent debt.  (D.I. # 1 at Ex. A.)

Second, Mitsubishi asserts that the Complaint fails to allege the identity of the Debtor or Debtors who did business with Mitsubishi for which an antecedent debt arose.  According to Mitsubishi, disclosing the name of the transferor is a required element.  Valley Media, 288 B.R. at 192.  Because this case joins multiple parties together as Debtors, Mitsubishi argues that the specific identity of the transferor must be provided.  Id. Mitsubishi contends that the Complaint's generalized statement that "one or more of the Debtors transacted with the defendant" is not sufficient to put them on notice of the transfer to be avoided.

The Trustee responds that the Complaint was sufficiently plead and contains the requisite detail to survive the Motion to Dismiss.  The Trustee asserts that the Complaint details the nature of the antecedent debts by providing exact check dates, check numbers, and exact dollar amounts.  (D.I. # 1 at Ex. A).

7

See, e.g., <u>OHC Liquidation Trust v. Credit Suisse First Boston</u>
<u>(In re Oakwood Homes Corp.)</u>, 340 B.R. 510, 522 (Bankr. D. Del.
2006).  Similarly, the Trustee contends that its assertion that
"one or more of the Debtors transacted business with the
Defendant, on account of which one or more of the Debtors was
indebted to Defendant" sufficiently identifies the nature of the
antecedent debt.  <u>Valley Media</u>, 288 B.R. at 192.  The Trustee
argues that describing with particularity which precise Debtor
made the payments is superfluous.  By incorporating all of
Tweeter's affiliates as "Debtors" in the Complaint, the Trustee
asserts that Mitsubishi was given proper notice that at least one
of the entities made the alleged transfer.  (Compl. at ¶ 10).
Further, the Trustee asserts that a relationship between the
Debtors and Mitsubishi was alleged in the Complaint by stating
that the Debtors and Mitsubishi "transacted business."

The Court finds the Complaint does not meet the pleading
standards of <u>Twombly</u> and <u>Iqbal</u>.  The Court has previously held
that alleged preferential transfers must be identified with
particularity to ensure that the defendant receives sufficient
notice of what transfer is sought to be avoided.  <u>See, e.g.</u>,
<u>Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)</u>, 08-50248,
2008 WL 4239120, at *5 (Bankr. D. Del. Sept. 16, 2008); <u>Pardo v.</u>
<u>Gonzaba (In re APF Co.)</u>, 308 B.R. 183, 188-89 (Bankr. D. Del.
2004) (concluding that preference complaint must identify each

transfer by date, amount, name of transferor, and name of
transferee).  The standards for pleading a cause of action have
increased, and cases decided before <u>Iqbal</u> and <u>Twombly</u> may no
longer be good law.

The Court finds that, in this case, the Trustee has not
sufficiently identified the transferor of the alleged
preferential payments to Mitsubishi.  Because there is more than
one debtor in this case, the Court concludes that the Trustee
must identify the transferor precisely by name.

The Court is also not convinced that the Trustee provided
Mitsubishi with sufficient detail regarding the nature of the
transfer in this proceeding.  The Court finds that the present
proceeding and Complaint are distinguishable from <u>Oakwood Homes</u>.
In <u>Oakwood Homes</u>, the complaint extensively detailed transfers
the Debtor made to its securities underwriter involving a Loan
Assumption Program and detailed the relationship between the
parties including how the transfers arose, which adequately
provided the defendant with the nature of the transfer and
sufficient notice of what transfers were sought to be avoided.
<u>Oakwood Homes</u>, 340 B.R. at 522.  No such detail regarding the
antecedent debt which the transfer satisfied is present in the
Trustee's Complaint in this case.  <u>See</u> <u>In re Insilco Techs. Inc.</u>,
330 B.R. 512, 520 (Bankr. D. Del. 2005) (concluding that the
complaint failed to identify the antecedent debt).

Although the Complaint here does provide the check numbers, dates and amount of each check, no other information is provided to explain the nature of the antecedent debt which the checks satisfied.  TWA, 305 B.R. 228 at 233 (finding the complaint deficient, inter alia, for failing to provide the nature and amount of the antecedent debt).  The Complaint provides no detail of any relationship between the Debtors and Mitsubishi such as the identity of contracts between the parties or any description of goods or services exchanged.  Without such information, the Court determines that the Trustee has failed to describe sufficiently the nature of the antecedent debt.

If the Complaint is found to be insufficient in detail, the Trustee has asked the Court for leave to amend the Complaint. Rule 15(a) states that "leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Mitsubishi argues, however, that leave to amend should be denied.  "A denial of leave to amend is justified if there is undue delay, bad faith, dilatory motive, prejudice, or futility." Valley Media, 288 B.R. at 193; Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).  Granting leave to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

10

Mitsubishi argues that any amendment would be futile and should be denied because the Trustee failed to exercise this right within 21 days of service of the Complaint, as a matter of course.  Fed. R. Bankr. 7015(a)(1)(B).

The Court is not persuaded by Mitsubishi's argument.  While the Trustee could have amended the Complaint under Rule 7015(a)(1)(B) without leave of Court, his failure to do so does not preclude his amending with leave of Court under Rule 7015(a)(2).  Although the Complaint is insufficient in detail to survive the Motion to Dismiss, the Court believes that there is enough basis for the Trustee to allege a claim if granted leave to amend.

IV.  Conclusion

For the reasons set forth above, the Court will grant the Motion to Dismiss the instant adversary proceeding, but allow the Trustee to amend the Complaint.

An appropriate order is attached.


Dated: June 14, 2011          BY THE COURT:

                              Mary F. Walrath
                              United States Bankruptcy Judge